IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Bankr. No. 08-12136-BLS |
| MOTOR COACH INDUSTRIES INTERNATIONAL, INC., et al., | ) (Jointly Administered) |
| Debtors. | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTOR COACH INDUSTRIES INTERNATIONAL, INC., | ) |
| Appellant, | ) |
| v. | ) Civ. No. 09-078-SLR |
| MOTOR COACH INDUSTRIES INTERNATIONAL, INC., et al., | ) |
| Appellees. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of February, 2009, having reviewed appellant's emergency motion for certification of direct appeal to the United States Court of Appeals for the Third Circuit, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 14) is denied, for the reasons that follow:

1. **Standard of review.** Section 158(d)(2)(A) of title 28 of the United States Code provides, in relevant part, that

> the appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved,

> acting on its own or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that –
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and, if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

2. **Background.** The background of this dispute is set forth in sufficient detail in the memorandum order issued on February 10, 2009. (D.I. 28)

3. **Analysis.** Assuming for purposes of this proceeding that appellant's motion was filed consistent with Fed. R. Bankr. P. 8001(f)(2)[1] and that appellant has prudential standing to appeal,[2] nevertheless, I deny the motion to certify based on the analysis set forth in the February 10, 2009 memorandum order. Based on that analysis, I find that appellant has failed to raise a question of law as to which there is no controlling decision in the Third Circuit or that involves a matter of public importance, especially on

---

[1]Appellees argue that, because the matter at issue was still technically pending before the bankruptcy court (pursuant to Fed. R. Bankr. P. 8007(b)), the motion should have been presented to Judge Shannon.

[2]The bankruptcy court found that the appellant's constituents are "out of the money;" therefore, their pecuniary interest may not be affected by the fate of the confirmation order.

the record as it evolved at bar.[3] To wit, the "doctrine of necessity" has not previously been brought into serious question by courts in the Third Circuit; the doctrine was applied appropriately by the bankruptcy court in this case and appellant was given a full and fair opportunity to test that application; and, given the finding that the unsecured creditors are out of the money, there was no discriminatory distribution under 11 U.S.C. § 1129(b).

United States District Judge

---

[3]Given the record, I certainly do not find that an immediate appeal will "materially advance the progress of the case;" indeed, I find the opposite.